UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN FERNANDO BELLID ACUNA, : | |
| Petitioner, : | Civ. No. 15-5074 (KM) |
| v. : | |
| : | OPINION |
| LORETTA E. LYNCH, et al., : | |
| Respondents. : | |

**KEVIN MCNULTY, U.S.D.J.**

### I. INTRODUCTION

Petitioner, John Fernando Bellid Acuna, is an immigration detainee proceeding with a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the following reasons, this action will be transferred to the United States District Court for the Eastern District of Virginia, the district where the petitioner is confined.

### II. BACKGROUND

Mr. Acuna is a native and citizen of Peru. According to the habeas petition, he was taken into immigration custody on January 8, 2013, and received a final order of removal in 2014. He is currently detained as an immigration detainee at the Farmville Detention Center in Farmville, Virginia. He seeks his release from immigration detention pursuant to *Zadvydas v. Davis*, 533 U.S. 678 (2001).

### III. STANDARD FOR *SUA SPONTE* REVIEW OF HABEAS PETITION

With respect to screening the instant petition, 28 U.S.C. § 2243 provides in relevant part:

> A court, justice or judge entertaining an application for a writ of
> habeas corpus shall forthwith award the writ or issue an order
> directing the respondent to show cause why the writ should not be

granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

As Mr. Acuna is proceeding *pro se,* his petition is held to less stringent standards than those that apply to pleadings drafted by lawyers. *See Rainey v. Varner,* 603 F.3d 189, 198 (3d Cir.2010) ("It is the policy of the courts to give a liberal construction to pro se habeas petitions.") (internal quotation marks and citation omitted); *United States v. Otero,* 502 F.3d 331, 334 (3d Cir.2007) ( "we construe pro se pleadings liberally.") (citing *Haines v. Kerner,* 404 U.S. 519, 520 (1972)). Nevertheless, "a district court is authorized to dismiss a [habeas] petition summarily when it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court[.]" *Lonchar v. Thomas,* 517 U.S. 314, 320 (1996).

## IV. DISCUSSION

Mr. Acuna is not confined in this district. The Farmville Detention Facility, where Mr. Acuna is confined, is located within the Eastern District of Virginia. The proper venue for a habeas corpus petition brought under § 2241 is the district of confinement. *See Rumsfeld v. Padilla,* 542 U.S. 426, 442-43 (2004). "When venue is inappropriate, a court may transfer a habeas corpus petition to an appropriate district *sua sponte.*" *Verissimo v. I.N.S.,* 204 F. Supp. 2d 818, 820 (D.N.J. 2002) (citing *Chatman-Bey v. Thornburgh,* 864 F.2d 804, 813-14 (D.C. Cir. 1988); *McCoy v. United States Bd. of Parole,* 537 F.2d 962, 965 (8th Cir. 1976)); *see also Stackhouse v. Curtin,* No. 08-10606, 2008 WL 544611, at *1 (E.D. Mich. Feb. 27, 2008) (citation omitted). *See generally* 28 U.S.C. 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such a case to any district or division in which it could have been brought.").

In the interest of justice, and to avoid the delay of a dismissal and refiling in the proper district, the petition will therefore be transferred to the Eastern District of Virginia. I express no opinion on the merits of Mr. Acuna's habeas petition.

### V. CONCLUSION

For the foregoing reasons, the Clerk will be ordered to transfer this action to the United States District Court for the Eastern District of Virginia. An appropriate order will be entered.

Dated: July 9, 2015

/s/ Kevin McNulty
KEVIN MCNULTY
United States District Judge